**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Respondent,<br><br>　　v.<br><br>RONNIE E. BOWMAN,<br><br>　　　　　　　Appellant. | No. 83856-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Ronnie Bowman appeals the superior court's order denying his motion for postconviction deoxyribonucleic acid (DNA) testing under RCW 10.73.170. We affirm.

I.

In 1981, Ronnie Bowman was convicted of multiple felony offenses, including first degree rape, first degree kidnapping, and first degree robbery. Bowman's offenses occurred before the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, was enacted. Accordingly, Bowman was sentenced to an indeterminate life sentence. In 2021, Bowman moved for postconviction DNA testing under RCW 10.73.170. Bowman requested that the trial court "grant DNA testing of any, and all material" in his case.

The trial court denied Bowman's motion. The trial court found that Bowman had failed to provide a basis to order DNA testing, had not established the existence of material evidence subject to DNA testing, and had not established how such evidence would be material to the identity of the perpetrator or exculpate him. The trial court determined that Bowman failed to establish any facts demonstrating that DNA testing would establish innocence on a more probable than not basis.

Bowman appeals.

II.

We review a trial court's ruling on a motion for postconviction DNA testing for abuse of discretion. State v. Crumpton, 181 Wn.2d 252, 257, 332 P.3d 448 (2014). A trial court abuses its discretion if the decision rests on facts unsupported by the record or was reached by applying the wrong legal standard. Crumpton, 181 Wn.2d at 257.

RCW 10.73.170 provides a mechanism for individuals to seek DNA testing in order to establish their innocence. Crumpton, 181 Wn.2d at 258. In relevant part, RCW 10.73.170 provides:

> (1) A person convicted of a felony in a Washington state court who currently is serving a term of imprisonment may submit to the court that entered the judgment of conviction a verified written motion requesting DNA testing, with a copy of the motion provided to the state office of public defense.
>
> (2) The motion shall:
>
> (a) State that:
>
> (i) The court ruled that DNA testing did not meet acceptable scientific standards; or
>
> (ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or

(iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;

(b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and

(c) Comply with all other procedural requirements established by court rule.

(3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.

The statute has both procedural and substantive requirements. Crumpton, 181 Wn.2d at 258. Specifically,

The motion must state the basis for the request, explain the relevance of the DNA evidence sought, and comply with applicable court rules. RCW 10.73.170(2)(a)-(c). If the petitioner satisfies these procedural requirements, the court must grant the motion if it concludes the petitioner has shown the 'likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.'

State v. Riofta, 166 Wn.2d 358, 364, 209 P.3d 467 (2009) (citing RCW 10.73.170(2)-(3)). The procedural requirements are lenient, by contrast, the "substantive standard is onerous." Riofta, 166 Wn.2d at 367.

Bowman's motion fails to meet the burden of either the procedural or substantive requirements of RCW 10.73.170.

First, Bowman does not specify the evidence that he requests DNA testing on, instead he requests "testing of any, and all material" in his case. The motion contained no information about Bowman's crimes or whether any evidence that could be tested for DNA exists. Second, because Bowman fails to identify evidence, he fails to explain how it may be relevant to his case. Bowman's motion stated only that "the results of testing

evidence would more likely than not demonstrate the defendant's actual innocence." Bowman's motion did not explain, or mention, why DNA evidence is material to the identity of the perpetrator of the crime. On appeal, counsel for Bowman attempts to make this argument. But this does not cure the deficiency of Bowman's motion before the trial court. The motion did not meet the procedural requirements of RCW 10.73.170(2).

Finally, without specifying the evidence he is requesting to be tested, Bowman failed to explain how DNA testing would demonstrate his innocence. Thus, Bowman failed to meet the substantive requirement of RCW 10.73.170(3).

The trial court's decision to deny the motion for postconviction DNA testing was not manifestly unreasonable, and consequently, the trial court did not abuse its discretion.

We affirm.

_Mann, J._

WE CONCUR:

_Coburn, J._          _Brennan, J._